UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark Edward Wetsch,                                              Civil No. 12-3189 (ADM/FLN)

      Plaintiff,

                                                                 **REPORT AND**
                                                                 **RECOMMENDATION**

     v.

United States Department of Justice,

      Defendant.

_____

Mark Edward Wetsch, pro se.
Lonnie F. Bryan, Assistant United States Attorney, for the Defendant.
_____

**THIS MATTER** is before the undersigned United States Magistrate Judge on the defendant's motion to dismiss (ECF No. 12). The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that the defendant's motion (ECF No. 12) be **GRANTED in part** and **DENIED in part**.

### I.    BACKGROUND[1]

The plaintiff Mark Edward Wetsch is currently in the custody of the United States Marshal. He is being detained at the Sherburne County jail pending the resolution of his criminal case. Am. Compl. ¶ 7. As a practicing Muslim, Wetsch must adhere to a Halal diet. *Id.* ¶ 8. In his underlying criminal case, the magistrate judge ordered the United States Marshal to ensure that Wetsch's

---

[1] In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court assumes the facts alleged in the complaint are true. *See Hamm v. Groose*, 15 F.3d 110, 112 (8th Cir. 1994).

"religious dietary needs are being met." ECF No. 73 at 17 for 12-CR-45 (SRN/JJG).

The plaintiff alleges that his meals, particularly his breakfast meals, do not comply with Halal standards. Am. Compl. ¶ 9. He further alleges that he is being discriminated against on account of his religion. *Id.* ¶ 12. According to Wetsch, non-Muslim detainees receive meat-based entrees 12 times a week and twelve varying entrees for lunch and evening meals. *Id.* ¶¶ 11–12. He has been served "primarily vegetarian entrees" and only four varying entrees for his lunch and evening meals. *Id.* He alleges that this disparate treatment is due to his religion. *Id.*

Wetsch contends that the government's failure to provide him with a diet in accordance with his religion violates the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1, and the First Amendment to the United States Constitution. Am. Compl. at 4. He seeks monetary damages and injunctive relief. *Id.* at 6. More specifically, he seeks an order compelling the government to ensure that his diet complies with Halal standards and consists of an amount of meat proportionate to that offered to non-Muslim pretrial detainees. *Id.*

## II. ANALYSIS

### A. Standard of review

A motion to dismiss a complaint for failure to state a claim is governed by Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, the court views the pleadings in the light most favorable to the nonmoving party and treats the alleged facts as true. *See Ossman v. Diana Corp.*, 825 F. Supp. 870, 879-80 (D. Minn. 1993). Conclusions of law made by the nonmoving party, however, are not "blindly accept[ed]." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A Rule 12(b)(6) motion to dismiss is granted when the factual allegations, even assumed to be true, do not entitle that party to relief. *See,*

*e.g., Taxi Connection v. Dakota, Minn. & E. R.R. Corp.*, 513 F.3d 823, 826-27 (8th Cir. 2008).

Pleadings must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(a) has been interpreted to mean that a pleading must allege "enough facts to state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy the standard of facial plausibility, a claim must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This plausibility determination is "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). In ruling on a motion to dismiss, a court may consider facts in the public record and materials necessarily embraced by the pleadings without converting the motion to one for summary judgment. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

**B.     The United States Department of Justice is entitled to sovereign immunity as to the plaintiff's claim for monetary damages.**

The United States of America may not be sued without its consent. *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). Any waiver of its sovereign immunity must be "unequivocally expressed in the statutory text." *Id; Lane v. Pena*, 518 U.S. 187, 192 (1996). To show that the government is liable for an award of monetary damages, "the waiver of sovereign immunity must extend unambiguously to such monetary claims." *Lane*, 518 U.S. at 192.

The plaintiff has brought this suit under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.*, and the First Amendment to the United States Constitution.

## 1. Religious Freedom Restoration Act

The Religious Freedom Restoration Act provides, "Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability" unless the burden is "in furtherance of a compelling governmental interest" and is "the least restrictive means of furthering" that interest. 42 U.S.C. § 2000bb-1. A person whose religious exercise has been so burdened may "assert that violation as a claim . . . in a judicial proceeding and obtain *appropriate relief* against a government." *Id.*, subd. (c) (emphasis added).

The question is to what extent the words "appropriate relief" waive the United States' sovereign immunity for suits under the Act. The two circuits to have considered this question have held that these words are subject to multiple interpretations; "appropriate relief" could include monetary damages, injunctive relief, or monetary damages plus injunctive relief. *Oklevueha Native American Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 841 (9th Cir. 2012); *Webman v. Federal Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006). The Supreme Court, in interpreting identical language in an analogous provision of the Religious Land Use and Institutionalized Persons Act of 2000, reached the same conclusion. *Sossamon v. Texas*, 131 S.Ct. 1651, 1659 (2011). Because the "appropriate relief" language falls short of the unambiguous waiver of sovereign immunity required under *Blue Fox, Inc.* and *Lane*, the courts in all three cases rejected the plaintiff's claim for monetary damages. The Court agrees with those decisions. The plaintiff's claim for monetary damages must be dismissed because the Act does not unambiguously and unequivocally authorize such damages. The plaintiff may only seek injunctive relief under the Act.[2]

---

[2] Although the government states in its motion to dismiss that the Court lacks subject-matter jurisdiction over the RFRA claim, it does not argue that the Court lacks the power to grant injunctive relief under 42 U.S.C. § 2000bb-1.

## 2. First Amendment

The Free Exercise Clause of First Amendment provides, "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof. . . ." An individual who alleges that a federal official has violated his constitutional rights may bring an action for damages against that official under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). "*Bivens* allows for a cause of action for damages against federal officials, not federal agencies, for certain constitutional violations." *Patel v. United States Bureau of Prisons,* 515 F.3d 807, 812 (8th Cir. 2008) (citing *Corrs. Servs. v. Malesko*, 534 U.S. 61, 72 (2001)). The plaintiff has not named any federal official as a defendant. To the extent he alleges a Free Exercise claim under *Bivens*, that claim must be dismissed.[3]

## III. RECOMMENDATION

In light of the foregoing, it is **HEREBY RECOMMENDED** that the defendant's motion to dismiss (ECF No. 12) be **GRANTED in part** and **DENIED in part** as follows:

1. The Defendant's motion to dismiss the plaintiff's claim for monetary damages under the Religious Freedom Restoration Act should be **GRANTED**, and that claim should be **DISMISSED**.

2. The Defendant's motion to dismiss the plaintiff's claim under the First Amendment should be **GRANTED**, and that claim should be **DISMISSED**.

3. To the extent the defendant moves to dismiss the plaintiff's claim for injunctive relief under the Religious Freedom Restoration Act, the motion should be **DENIED**.

---

[3] The Eighth Circuit has expressed skepticism as to whether a Free Exercise claim is cognizable in a *Bivens* action. *Patel*, 515 F.3d at 813, n. 6 ("We have never found a *Bivens* action to extend to a Free Exercise claim, and it is doubtful that we would do so.").

5

DATED:  August 22 , 2013                              *s/Franklin L. Noel*
                                                     FRANKLIN L. NOEL
                                                     United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before September 13, 2013, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by September 13, 2013, a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.