# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Sheikh Bilaal Muhammad
Arafat, formerly known as
Mark Edward Wetsch,

        Plaintiff,

v.

United States Department of Justice,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 12-3189 ADM/FLN

_____

Sheikh Bilaal Muhammad Arafat, formerly known as Mark Edward Wetsch, pro se.

Lonnie F. Bryan, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Magistrate Judge Franklin L. Noel's August 22, 2013 Report and Recommendation [Docket No. 27] ("R&R"). Both Plaintiff Sheikh Bilaal Muhammad Arafat[1] and Defendant the Department of Justice ("DOJ" or the "Government") object to the R&R in part [Docket Nos. 28, 31]. In the R&R, Judge Noel recommends granting in part and denying in part the DOJ's Motion to Dismiss the Complaint [Docket No. 12]. After a thorough de novo review of the record and for the reasons stated below, the R&R is adopted.

---

[1] Plaintiff legally changed his name to Sheikh Bilaal Muhammad Arafat, and shall be referred to as "Arafat" or "Plaintiff" herein. Consistent with Judge Susan Richard Nelson's order in Arafat's related criminal action, the caption of this case and all related documents will similarly reflect Arafat's name change. See Order, Aug. 7, 2013, United States v. Arafat, Cr. No. 12-45 (D. Minn. 2013) (recognizing name change). Docket references to the criminal action involving Arafat will be cited to as "[Crim. Docket No. __]."

## II. BACKGROUND

Plaintiff is in the custody of the United States Marshal, at the Sherburne County Jail in Minnesota, pending the resolution of his criminal case. Am. Compl. [Docket No. 4]. As a practicing Muslim, Arafat must adhere to a halal diet. Am. Compl. ¶ 8. In his criminal case, Magistrate Judge Jeanne J. Graham required the United States Marshal to provide Arafat with a diet that adhered to his religious beliefs. Order, Sept. 12, 2012 [Crim. Docket No. 73]. In subsequent orders, Judge Graham directed the Government to use good faith efforts to comply with Plaintiff's dietary requirements, and noted that the Government had begun ordering frozen halal meals [Crim. Docket Nos. 130, 191]. In his Amended Complaint ("Complaint") and memoranda, Arafat alleges he receives a few halal meals each week but primarily receives vegetarian meals, despite the Government's representations. Am. Compl. ¶¶ 13-14.

Arafat filed this action on December 26, 2012, alleging violations of the Religious Freedom Restoration Act ("RFRA") and the First Amendment. As relief, Arafat seeks an order compelling the DOJ to ensure he receives halal meat-based meals in equal proportion to other inmates. He also requests $20 per day in damages, starting from September 12, 2012, the date of Judge Graham's initial order. Am. Compl. The DOJ moved to dismiss on April 8, 2013.

On August 22, 2013, Judge Noel agreed in part with the Government's arguments, concluding the Government had not waived sovereign immunity under the RFRA. Judge Noel further concluded Arafat's <u>Bivens</u> action under the Free Exercise Clause of the First Amendment could not stand, as Arafat had failed to name an individual defendant. Thus, Judge Noel recommends dismissing these two claims. However, to the extent the DOJ sought to dismiss

Arafat's request for injunctive relief under the RFRA, Judge Noel recommends denying the DOJ's motion and allowing this request to survive. Both parties object to the R&R.

## III. DISCUSSION

### A. Standard of Review

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

### B. Motion to Dismiss Standard

Rule 12 of the Federal Rules of Civil Procedure states that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court construes the pleadings in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994) (citation omitted). The court may not consider matters outside the pleadings at this stage. But, "documents necessarily embraced by the complaint are not matters outside the pleading[s]." Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012) (citation omitted).

### C. RFRA

#### 1. Monetary Damages

In his Complaint, Arafat alleges the failure to provide him with halal meat entrees equivalent to the meals of other inmates has substantially burdened the practice of his religion.

3

In his subsequent memoranda, Arafat has clarified that standard vegetarian meals are also insufficient, as he must eat meals that are certified as halal.[2] See Pl.'s Resp. to Gov.'s Obj. [Docket No. 34] 2. To that end, Arafat requests damages as discussed above, though he indicates a willingness to waive this request in exchange for receiving the meals he requests. Pl.'s Obj. at 3.

Arafat's claim for monetary damages under the RFRA will be dismissed. The United States "may not be sued without its consent," and "the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). A federal government's waiver of sovereign immunity by statute "must be unequivocally expressed in statutory text," and any ambiguity will be resolved in favor of immunity. Lane v. Pena, 518 U.S. 187, 192 (1996).

The RFRA allows a person to seek "appropriate relief" when the Government has unjustifiably and substantially burdened that person's exercise of religion. 42 U.S.C. § 2000bb-1. At least two courts of appeal have found the phrase "appropriate relief" does not waive sovereign immunity, while the remaining appellate courts, including the Eighth Circuit Court of Appeals, do not appear to have yet reached the issue. See Webman v. Fed. Bureau of Prisons, 441 F.3d 1022, 1025-26 (D.C. Cir. 2006); Oklevueha Native Am. Church of Haw., Inc. v. Holder, 676 F.3d 829, 839-41 (9th Cir. 2012). In addition, the United States Supreme Court has recently interpreted identical "appropriate relief" language in the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and concluded such language did not waive

---

[2] Because Arafat proceeds pro se, he will be allowed some latitude in the scope of his allegations. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

4

sovereign immunity. Sossamon v. Texas, 131 S. Ct. 1651, 1658-59 (2011). In light of these decisions, the RFRA will not be read as waiving sovereign immunity for monetary damages suits. Accordingly, Arafat's RFRA claim for damages is dismissed.

**2. Injunctive Relief**

In addition to damages, Arafat appears to request injunctive relief in the form of an order requiring the United States Attorney's office to ensure the Sherburne County Jail provide him with halal meals. Judge Noel recommends allowing this claim for relief to survive the Government's motion to dismiss. Sovereign immunity, Judge Noel finds, does not preclude injunctive relief under the RFRA. Judge Noel further notes the Government has made no argument as to why injunctive relief should be denied.

The Government does not dispute that plaintiffs under the RFRA may seek injunctive relief. See, e.g., Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418 (2006) (affirming preliminary injunction under RFRA against government). Instead, the Government argues injunctive relief is unwarranted under the four Dataphase factors, particularly because the Government has not substantially burdened Arafat's practice of religion. See Def.'s Obj. [Docket No. 31]; see also Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). Arafat, the Government argues, does not contend that eating meat is necessary for his religious beliefs. As a result, being given generic vegetarian meals, such as plain pasta and two boiled eggs, should satisfy his requirements.

Arafat has stated sufficient allegations, and the parties have infused sufficient factual considerations, to preclude dismissal. Although Arafat's Complaint implies, without stating, that generic vegetarian meals may satisfy his requirements, he now clarifies he must receive halal-

5

certified meals. See Pl.'s Resp. to Gov.'s Obj. at 2. Such halal meals are prepared for prisoners in other facilities, and Arafat concedes the food provided in federal prisons (as opposed to his current jail facility) serve a "common fare" diet that would be satisfactory.[3] Pl.'s Resp. to Gov.'s Obj. at 2. Judge Graham, in Arafat's criminal action, ordered the Government to undertake good faith efforts to meet Arafat's requirements, and the Government represented that it was ordering frozen halal meals. Order, Dec. 14, 2012 [Crim. Docket No. 191] 5-6. Arafat claims that while the Sherburne County Jail initially attempted to provide him with these meals, it has since significantly reduced their servings per week, citing cost concerns.[4] See Pl.'s Resp. to Gov. Obj. at 2. Because the Court cannot conclude Arafat has failed to state a claim for injunctive relief as a matter of law, the Government's motion to dismiss is denied in this regard.

---

[3] As the Eighth Circuit explained:

> Common Fare meals are kosher meals. Common Fare participants may not select items from the hot bar, but they may supplement their diets by selecting items from the salad bar or by purchasing items from the commissary.
>
> The BOP decided to serve kosher meals in the Common Fare plan after reviewing the dietary requirements of various religious faiths. It concluded that a kosher meal was the strictest diet and subsumed all other religious dietary needs. Local prisons may not make changes to the Common Fare plan; such changes must occur pursuant to the BOP's direction, not at individual prisons.

Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 810 (8th Cir. 2008).

[4] The Government argues Arafat did not allege a failure to receive the frozen halal meals in his Complaint, and thus fails to state a claim because he is now "bootstrapping" the allegations into the Complaint by way of legal memoranda. But, Arafat's Complaint does allege a general failure to receive halal meals and it implicitly refers to the frozen meals situation by alleging Kevin Ueland, Assistant United States Attorney, misrepresented the status of the Government's efforts to Judge Graham. Am. Compl. ¶ 14 (citing Letter, Nov. 9, 2012 [Crim. Docket No. 135]). Also, as noted above, Arafat's Complaint is construed liberally.

**D. Freedom of Exercise Clause**

Arafat's Bivens claim under the First Amendment must be dismissed. "Bivens allows for a cause of action for damages against federal officials, not federal agencies, for certain constitutional violations." Patel, 515 F.3d at 812; Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In this case, Arafat has failed to individually name a federal official, and so the claim fails.

Arafat attempts to avoid this conclusion by arguing he named Kevin Ueland, Assistant United States Attorney, as a defendant. However, it is clear from the face of the Complaint that Arafat named the United States Attorney's Office, and not Ueland, as the defendant. See Am. Compl. The Complaint identifies Arafat (nee Wetsch) as the "pro se plaintiff," and the United States Attorney's Office as "Defendant." Although Ueland is listed as the addressee for the Complaint, he is not named as a party. Arafat's failure to serve Ueland supports this interpretation, as does his consistent omission of Ueland's name from the captions of his memoranda. Though Arafat is acting pro se, the requirement of properly naming defendants cannot be overlooked.

**E. Equal Protection**

To the extent Arafat has alleged a violation of the Equal Protection Clause under Bivens, this claim is also dismissed. Arafat alleges the DOJ has discriminated against him as compared to other inmates by failing to provide similar meals. However, neither Arafat's Complaint nor his memoranda demonstrate intentional or purposeful discrimination. See Patel, 515 F.3d at 815-16. On the contrary, the record indicates the Sherburne County Jail has attempted to satisfy Arafat's dietary requirements, even if Arafat argues it has done so unsatisfactorily.

## F. Contempt of Court

Finally, the Government interprets Arafat as potentially seeking a contempt of court order against Ueland. Arafat's discussion of the Government and Ueland as being in contempt of Judge Graham's September 12, 2012 Order appears to be rhetoric, and not a formal request for a contempt of court order. To the extent Arafat requests such an order, the request is denied as Arafat has failed to sufficiently justify such a sanction.

## G. Mootness

Although the Court adopts Judge Noel's R&R, it must note the practical implications of Arafat's impending sentencing. Arafat's sentencing hearing is scheduled for November 18, 2013, before Judge Nelson [Crim. Docket No. 417]. Thereafter, Arafat will be transferred into the custody of the Federal Bureau of Prisons, and incarcerated in a federal penitentiary. As Arafat has already conceded, the "common fare" diet served in the federal prison system will satisfy his dietary requirements. Pl.'s Resp. to Gov.'s Obj. at 2. Thus, his request for injunctive relief in this action will become moot. See Smith v. Hundley, 190 F.3d 852, 855 (8th Cir.1999) (finding inmate's claims for injunctive and declaratory relief became moot upon transfer to another facility where inmate was not subject to complained of conditions). While Arafat's claim for injunctive relief is not without merit, it will soon become moot upon his transfer into custody of the Bureau of Prisons.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Sheikh Bilaal Muhammad Arafat's (formerly Mark Edward Wetsch)

Objection [Docket No. 28] to Magistrate Judge Franklin L. Noel's Report and Recommendation is **OVERRULED**;

2. Defendant the Department of Justice's Objection [Docket No. 31] to Magistrate Judge Franklin L. Noel's Report and Recommendation is **OVERRULED**;

3. The Report and Recommendation [Docket No. 27] is **ADOPTED**;

4. Defendant's Motion to Dismiss [Docket No. 12] is **GRANTED** in part and **DENIED** in part, as follows: all claims in the Amended Complaint [Docket No. 4] are dismissed with prejudice except Plaintiff's claim for injunctive relief under the Restoration of Religious Freedom Act. However, this remaining claim will also be dismissed upon Arafat's transfer to the Federal Bureau of Prisons; and

5. The name Sheikh Bilaal Muhammad Arafat shall replace Mark Edward Wetsch in the caption of this case and all subsequently-filed documents.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 8, 2013.