# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| Sheikh Bilaal Muhammad Arafat, formerly known as Mark Edward Wetsch, | Civil No. 12-3189 (ADM/FLN) |
| Plaintiff-Appellant, | **ORDER** |
| v. | |
| United States Department of Justice, | |
| Defendant-Appellee. | |

This matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 38.) For the reasons discussed below, the Court concludes that (a) Plaintiff's IFP application should be granted, and (b) Plaintiff should be excused from paying any initial partial filing fee for his appeal.

Plaintiff is an inmate at the Sherburne County Jail, awaiting sentencing in a federal criminal case that is pending in this District. He is attempting to appeal from a judgment entered on November 12, 2013, (Docket No. 36), which dismissed his complaint seeking relief for alleged violations of his rights under the First Amendment and the Religious Freedom Restoration Act ("RFRA"). Because Plaintiff is a prisoner, (see 28 U.S.C. § 1915(h)), his IFP application is governed by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA requires all prisoner litigants to pay the full $455 filing fee for an appeal, regardless of their financial circumstances. 28 U.S.C. § 1915(b)(1); see also Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997); In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997). However, a prisoner who is financially eligible for IFP status under 28 U.S.C. § 1915 will be excused from pre-paying the full $455 filing fee as a condition to

filing an appeal, and will instead be required to pay the filing fee in installments.

When a prisoner applies for IFP status on appeal, the Court must first determine whether the prisoner is "destitute;" i.e., whether he or she has "no assets and no means" by which to pay even a partial filing fee. 28 U.S.C. § 1915(b)(4). If the prisoner is found to be wholly destitute, then he or she will not have to pre-pay any part of the filing fee. If the prisoner is found <u>not</u> to be wholly destitute, then the Court must calculate and assess an "initial partial filing fee" pursuant to § 1915(b)(1). <u>Henderson</u>, 129 F.3d at 485. In either event, the remaining balance of the $455 filing fee is to be paid in installments pursuant to § 1915(b)(2).

A prisoner's IFP application will be denied, regardless of his financial circumstances, if the Court determines that his appeal is not taken "in good faith." 28 U.S.C. §§ 1915(a)(3) and 1915(e)(2); Fed. R. App. P. 24(a)(3); <u>see also</u> <u>Henderson</u>, 129 F.3d at 485 ("District courts should continue to certify pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith"). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be raised on appeal are factually or legally frivolous. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

Based on the information furnished in Plaintiff's IFP application and supporting materials, (<u>see</u> Docket No. 39), the Court finds that he is wholly destitute at this time. It appears that during the past six months Plaintiff has not made any deposits to his prison trust account, and he has not maintained any positive balance in that account. It further appears that Plaintiff has no other income

2

or assets that would allow him to pay the filing fee – or even an initial partial filing fee – for his appeal. Plaintiff will therefore be excused from paying an initial partial filing fee pursuant to § 1915(b)(4). He will, of course, remain liable for the full $455 filing fee for his appeal, and prison officials will have to deduct that amount from his trust account pursuant § 1915(b)(2). See In re Tyler, supra.

The Court is satisfied that Plaintiff's complaint was properly dismissed, and that he has no meritorious grounds for bringing an appeal. However, given the Supreme Court's liberal definition of "good faith" for IFP purposes, Plaintiff's current IFP application will not be denied for lack of good faith.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

(1) Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 38), is GRANTED;

(2) Pursuant to 28 U.S.C. § 1915(b)(4) and Henderson v. Norris, Plaintiff is found to be wholly destitute, and he will therefore be excused from paying any initial partial filing fee at this time; and

(3) Plaintiff shall remain liable for the full $455 filing fee for his appeal, which shall be paid in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Dated: December  4 , 2013               s/Ann D. Montgomery

                                        ANN D. MONTGOMERY
                                        United States District Court Judge